IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | Case No. 3:97-cr-00004-TMB-SAO-1 |
| v. | **ORDER ON MOTION FOR** |
| BARBARA STRAIN, | **RECONSIDERATION (DKT. 227)** |
| Defendant. | |

## I. INTRODUCTION

The matter comes before the Court on Defendant Barbara Strain's Motion for Reconsideration.[1] Strain requests that the Court reconsider its Order[2] denying her Motion to Vacate, Set Aside, or Correct her sentence under 28 U.S.C. § 2255 (the "Motion to Vacate").[3] Pursuant to L.Civ.R. 7.3(h), the Court did not request the United States file a response. Strain did not request oral argument, and the Court finds it would not be helpful. For the reasons stated below, Strain's Motion for Reconsideration is **GRANTED** and, on reconsideration, Strain's Motion to Vacate is **DENIED**.

## II. BACKGROUND

The Court assumes the parties are familiar with the relevant background of this case and hereby reincorporates the background facts as detailed in the Initial Report and Recommendation at docket 273. On May 17, 2019 the Magistrate Judge submitted the Initial Report and

---

[1] Dkt. 277 (Motion for Reconsideration).

[2] Dkt. 275 (Order Denying Motion to Vacate)

[3] Dkt. 264 (First Amended Motion to Vacate).

Recommendation, which recommended the Court deny Strain's Motion to Vacate.[4] The Magistrate Judge reasoned that Strain's motion was time-barred under § 2255 because, despite Strain's arguments, the Supreme Court had not established that the residual clause in 18 U.S.C. § 924(c)(3)(B) was unconstitutionally void for vagueness.[5] The Court adopted and accepted the recommendation of the Magistrate Judge in full and denied Strain's Motion to Vacate.[6]

On June 24, 2019, Strain filed a Motion for Reconsideration of her Motion to Vacate pursuant to Fed. R. Civ. P. 60(b)(6).[7] She argues that the Supreme Court decision *Davis v. United States*[8]—announced earlier that day—held the residual clause under 18 U.S.C. § 924(c)(3)(B) was unconstitutionally void for vagueness.[9] Therefore, Strain argues, her motion is now timely, and the Court is not precluded from ruling on her claims. The matter is now ripe for resolution.

### III. LEGAL STANDARD

*A. Rule 60 Motion to Reconsider*

A motion to reconsider a final appealable order is appropriately brought under either Fed. R. Civ. P. 59(e) or 60(b).[10] Under Rule 60(b) courts may relieve a party from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to

---

[4] Dkt. 273 (Report and Recommendation).

[5] Dkt. 273 at 7–10

[6] Dkt. 275.

[7] Dkt. 277.

[8] 139 S. Ct. 2319 (2019).

[9] Dkt. 277.

[10] *Wright v. Alaska*, No. 3:18-CV-00056-JKS, 2019 WL 2453641, at *1 (D. Alaska June 12, 2019). *See Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991).

move for a new trial under Rule 59(b); (3) fraud . . ., misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.[11]

Ninth Circuit law counsels that reconsideration is "an extraordinary remedy, to be used sparingly and in the interests of finality and conservation of judicial resources."[12] The Court may reconsider an order only "where: '(1) the decision is clearly erroneous and its enforcement would work a manifest injustice, (2) intervening controlling authority makes reconsideration appropriate, or (3) substantially different evidence was adduced.'"[13]

B. Section 2255 Motion to Vacate, Set Aside, or Correct.

18 U.S.C. § 2255 provides that a prisoner has a right to be released where their sentence "was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ." The defendant generally has

---

[11] Fed. R. Civ. P. 60(b).

[12] *Big State Logistics, Inc. v. Gov't Servs. Corp.*, No. 4:13-cv-00029, 2014 WL 12526313 at *1 (D. Alaska March 28, 2014) (quoting *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 1993)). *See also Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)); *Richey v. Borough*, No. 3:14-cv-00170-JWS, 2015 WL 1962880, at *1 (D. Alaska April 30, 2015) ("Because of the interest in finality, however, courts should grant motions for reconsideration sparingly.").

[13] *Mills v. Wood*, No. 4:10-CV-00033-RRB, 2016 WL 10651094 at *1 (D. Alaska Dec. 1, 2016) (quoting *Jeffries v. Wood*, 114 F.3d 1484, 1489 (9th Cir. 1997) (en banc)). *See also Richey*, 2015 WL 1962880, at *1 ("According to [ ] case law, reconsideration should be granted in three circumstances: First, upon the discovery of material facts that were previously unavailable or undiscoverable through reasonable diligence; second, if the court overlooked material facts that were presented to it before it made its decision; and third, if there is a change in the law after the court's decision." (internal citations omitted)); *United States v. CNA Fin. Corp.*, 381 F. Supp. 2d 1088, 1096 (D. Alaska 2005) (citing *School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)).

one year from the date of a final judgment to file a motion to vacate under § 2255.[14] However, when a defendant moves to vacate his sentence on the basis of a newly recognized constitutional right, § 2255's statute of limitations begins on "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."[15]

## IV. ANALYSIS

Strain requests that the Court reconsider its ruling on her Motion to Vacate in light of the Supreme Court's recent decision in *United States v. Davis*.[16] For the reasons discussed below, Strain's Motion for Reconsideration is **GRANTED** and, on reconsideration, Strain's Motion to Vacate, Set Aside, or Correct is **DENIED**.

   A. *Strain is Entitled to Reconsideration of Her Motion to Vacate in Light of Recent Changes in the Law.*

The Court initially denied Strain's motion to vacate because she had not established that 18 U.S.C. § 924(c)'s residual clause was unconstitutionally void for vagueness under then-existing Supreme Court precedent.[17] However, in the weeks after the Court denied Strain's motion, the majority in *Davis* held that the residual clause, under 18 U.S.C. § 924(c)(3)(B) was unconstitutionally void for vagueness.[18] Given this intervening authority, the Court finds that reconsideration of Strain's motion to vacate is appropriate under §2255(f)(3).

---

[14] 28 U.S.C. § 2255(f)(1).

[15] 28 U.S.C. § 2255(f)(3).

[16] 139 S. Ct. 2319 (2019); Dkt. 277.

[17] Dkt. 273 at 7–10.

[18] 139 S. Ct. at 2323.

4

Accordingly, Strain's Motion for Reconsideration is **GRANTED.**

B. *Strain is Not Entitled to Habeas Relief*

The Court now reconsiders the merits of Strain's Motion to Vacate. Strain claims that she was wrongfully convicted under 18 U.S.C. § 924(c).[19] At trial, Strain was convicted of two counts of bank robbery, in violation of 18 U.S.C. §§ 2113(a) & (d); three counts of Using or Carrying a Firearm in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c); one count of Interference with Commerce by Robbery (i.e. Hobbs Act robbery), in violation of 18 U.S.C. § 1951(a); and three counts of being a Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g).[20] Strain, through counsel, now challenges her convictions under 18 U.S.C. § 924(c). She claims that her convictions under § 924(c) were premised on the residual clause of 18 U.S.C. § 924(c)(3)(B), which as previously discussed, is unconstitutionally void for vagueness.[21]

Title 18 U.S.C. § 924(c)(1)(A) provides that "[a]ny person who, during and in relation to any crime of violence . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm" shall be sentenced to an enhanced penalty. A "crime of violence" is given two definitions. First, 18 U.S.C. § 924(c)(3)(A) (the "force clause") defines a crime of violence as a felony, which "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." Alternatively, 18 U.S.C. § 924(c)(3)(B) ("the residual clause") defines a crime of violence as a felony, which "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

---

[19] Dkt. 264.

[20] Dkt. 273 at 2.

[21] Dkt. 264 at 1–2.

Strain contends that her armed bank robbery conviction and her Hobbs Act robbery conviction do not satisfy the definition of "crime of violence."[22] She argues that neither crime categorically requires the intentional use of violent force as required by the force clause, 18 U.S.C. § 924(c)(3)(A).[23] Additionally, Strain argues that in light of *Davis* § 924(c)'s residual clause cannot be a basis for her convictions under § 924(c).[24] In order to prevail Strain must show that her claims are timely and must also show that she is entitled to habeas relief on the merits.[25]

1. Whether Strain's Claims are Timely

Before proceeding to the merits of Strain's claims, the Court must first address whether her Motion to Vacate is timely. A petition under § 2255 that is based on a newly recognized constitutional right must be filed within one year of the Supreme Court decision first recognizing that new right.[26] Further, this relief is only available if that right has been "made retroactively applicable to cases on collateral review."[27]

Strain's argues *Davis* "constitutes a 'new' rule of substantive constitutional law that applies retroactively to cases on collateral review."[28] And, according to Strain, she is entitled to habeas relief because her convictions were premised on this unconstitutional definition.[29] Undoubtably,

---

[22] Dkt. 264 at 1–3.

[23] Dkt. 264 at 3.

[24] Dkt. 277 at 3.

[25] 18 U.S.C. § 2255.

[26] 18 U.S.C. § 2255(f)(3).

[27] *Id.*

[28] Dkt. 277 at 3.

[29] Dkt. 264 at 3.

*Davis* creates a new constitutional rule. *Davis* found that 18 U.S.C. § 924(c)(3)(B)'s definition of "crime of violence" was unconstitutionally vague.[30] However, neither the Supreme Court nor the Ninth Circuit has ruled whether *Davis* is retroactively applicable to cases on collateral review. In fact, the dissenting opinion in *Davis* acknowledged that the majority opinion left this question unsettled:

> Many offenders who have already committed violent crimes with firearms—and who have already been convicted under § 924(c)—may be released early from prison. The Court's decision will apply to all defendants whose convictions are not yet final on direct review and who preserved the argument. With the benefit of this Court's decision, many dangerous offenders who received lengthy prison sentences as a result of their violent conduct might walk out of prison early. *And who knows whether the ruling will be retroactive?*[31]

In the absence of a specific finding by higher courts, the Court looks to the general framework governing retroactivity articulated in *Teague v. Lane*.[32] Generally, new rules of criminal procedure do not apply retroactively.[33] However, this rule is not absolute, as there are two categories of new rules that apply retroactively: (1) new substantive rules; and (2) new "watershed rules of criminal procedure" which "implicate[ ] the fundamental fairness and accuracy of the criminal proceeding."[34] "A rule is substantive rather than procedural if it alters the range of conduct or the class of persons that the law punishes."[35] "This includes decisions that narrow the scope of a criminal statute by interpreting its terms, as well as constitutional determinations that place

---

[30] 139 S. Ct. at 2323.

[31] 139 S. Ct. at 2354. (emphasis added).

[32] 489 U.S. 288 (1989).

[33] *Schriro v. Summerlin*, 542 U.S. 348, 351–52 (2004)

[34] *Id.* (quoting *Teague v. Lane*, 489 U.S. 288, 311 (1989)).

[35] *Id.* at 353.

particular conduct or persons covered by the statute beyond the State's power to punish."[36] Procedural rules, by contrast, "regulate only the manner of determining the defendant's culpability."[37] Such rules alter "the range of permissible methods for determining whether a defendant's conduct is punishable."[38] "They do not produce a class of persons convicted of conduct the law does not make criminal, but merely raise the possibility that someone convicted with use of the invalidated procedure might have been acquitted otherwise."[39]

The ruling in *Davis* is a new substantive rule. *Davis* does not merely change the procedure through which crimes are prosecuted, but instead changes a required element of a crime itself. It places crimes which only involve a substantial risk that physical force—and those who commit them—beyond the Government's power to punish under § 924(c). Therefore, under *Teague*, the new substantive rule created by *Davis* must be applied retroactively to cases on collateral review. Accordingly, Strain's arguments brought through her Motion to Vacate and Motion to Reconsider are timely.

2. Whether Strain is Entitled to Habeas Relief on the Merits

To be entitled to habeas relief on the merits of her claim, Strain must show that neither of her underlying convictions satisfy the definition of "crime of violence" under § 924(c). Because the statute's residual clause has been ruled unconstitutional, the only remaining definition is the force clause, § 924(c)(3)(A), which defines a crime of violence as one which "has as an element the use, attempted use, or threatened use of physical force against the person or property of

---

[36] *Id.*, at 351–352 (citation omitted).

[37] *Id.*, 542 U.S. at 353.

[38] *Id.*

[39] *Id.* at 352.

another." If either of Strain's underlying crimes satisfy this definition, her convictions were appropriate, and she is not entitled to habeas relief.

In Strain's case, the "crimes of violence" at issue are one count of Hobbs Act robbery, 18 U.S.C. § 1951(a), and two counts of armed bank robbery, 18 U.S.C. §§ 2113(a) & (d).[40] Strain contends that neither crime satisfies the force clause of § 924(c).[41] First, Strain argues that Hobbs Act robbery, "does not require the use of violent physical force…[and] does not require intentional conduct."[42] Second, Strain argues that armed bank robbery falls outside of the force clause "because it does not satisfy the requirement of 'violent' force and because it does not satisfy the additional requirement that the use of force be intentional."[43]

The Ninth Circuit applies a categorical approach to determine whether a crime is a "crime of violence" under the force clause.[44] Under the categorical approach, courts "do not look to the facts underlying the conviction, but 'compare the elements of the statute forming the basis of the defendant's conviction with the elements of' a 'crime of violence.'"[45] "A crime cannot be a categorical 'crime of violence' if the conduct proscribed by the statute of conviction is broader than the conduct encompassed by the statutory definition of a 'crime of violence.'"[46] "Where a

---

[40] Dkt. 273 at 2.

[41] Dkt. 264 at 8–25.

[42] *Id.* at 12.

[43] *Id.* at 19.

[44] *United States v. Begay*, No. 14-10080, 2019 WL 3884261, at *3 (9th Cir. Aug. 19, 2019) (citing *Taylor v. United States*, 495 U.S. 575 (1990)).

[45] *Begay*, 2019 WL 3884261, at *3–4 (citing *Descamps v. United States*, 570 U.S. 254, 257 (2013).

[46] *Descamps*, 570 U.S. at 263 (also noting "[i]f the statute of conviction is overbroad, we may ask whether the statute is divisible, and, if it is, apply the "modified categorical approach" to determine

9

defendant has been convicted under a statute describing crimes of both violence and non-violence, [a court] need only find that the charged crime for which the defendant was convicted constitutes a "crime of violence" to conclude categorically that the charged offense may serve as a predicate for a § 924(c) violation."[47]

The Court applies the categorical approach to Hobbs Act robbery, 18 U.S.C. §§ 1951(a) and (b)(1); and armed bank robbery, 18 U.S.C. § 2113(a), in turn.

### a. Hobbs Act Robbery is a "Crime of Violence"

Strain argues that Hobbs Act robbery is not categorically a "crime of violence" for two reasons: first, Strain contends that "use of force" for purposes of Hobbs Act robbery does not require the use of violent physical force; second, Strain argues that placing someone in "fear of injury" similarly "does not require the use of violent physical force."[48] Therefore, she argues, one could commit Hobbs Act robbery without committing a "crime of violence" as defined by § 924(c)(3)(A).

A person commits Hobbs Act robbery when that person "obstructs, delays or affects commerce or the movement of any article or commodity in commerce . . ." by "the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his

---

which "statutory phrase" formed the basis of the defendant's conviction.") (quoting *Nijhawan v. Holder*, 557 U.S. 29, 41 (2009)).

[47] *United States v. Mendez*, 992 F.2d 1488, 1491 (9th Cir. 1993).

[48] Dkt. 264 at 8, 12.

10

person or property . . ." [49] Therefore, Hobbs Act robbery may be accomplished by threatened force or violence or fear of injury.

The Ninth Circuit has previously stated that a Hobbs Act "[r]obbery indisputably qualifies as a crime of violence" under § 924(c).[50] As Strain correctly notes, "[r]obbery under the Hobbs Act, is common law robbery."[51] The Supreme Court, in *Stokeling v. United States*, examined whether common law robbery constituted a "violent felony" under the Armed Career Criminal Act ("ACCA").[52] After a thorough survey of State law, the Supreme Court found it is "well-established" that the level of "force" or "violence" needed to establish common-law robbery is "[s]ufficient force must be used to overcome resistance . . . however slight the resistance."[53] Furthermore, the *Stokeling* Court found that for the purpose of a modern statute like the ACCA, "[t]he force necessary to overcome a victim's physical resistance is inherently 'violent'"[54]

---

[49] 18 U.S.C. §§ 1951(a) and (b)(1).

[50] *Mendez*, 992 F.2d 1488, 1491 (containing element of "actual or threatened force, or violence").

[51] *See, e.g.*, *United States v. Melgar-Cabrera*, 892 F.3d 1053, 1065, 1066 (10th Cir. 2018) ("[T]he force element in common law robbery statutes (e.g., Hobbs Act) can only be satisfied by violent force…. "); *United States v. Farmer*, 73 F.3d 836, 842 (8th Cir. 1996) ("[R]obbery is defined in § 1951(b)(1), in terms consistent with the traditional common law definition, as the unlawful taking of personal property from the person or in the presence of another by force or violence"); *United States v. Aguon*, 851 F.2d 1158, 1164 (9th Cir. 1988) (finding, on review of the legislative history, Section 1951(b)(1)'s text was taken almost verbatim from New York's robbery statute at the time it was passed).

[52] *Stokeling v. United States*, 139 S. Ct. 544, 551–52 (2019); 18 U.S.C. § 924(e)(2)(B)(i).

[53] *Stokeling*, 139 S. Ct. 544, 551 (2019).

[54] The ACCA definition of "violent felony" at issue in *Stokeling* is instructive because it mirrors the language of the force clause under 924(c). The ACCA defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another 18 U.S.C. § 924(e)(2)(B)(i).

In light of the Supreme Court's finding that common-law robbery is an "inherently violent" affair, and the consensus among lower courts that Hobbs Act robbery is common-law robbery, the Court finds that "physical force" required under 924(c) is satisfied by Hobbs Act robbery.[55]

Further, Strain's argument that placing someone in "fear of injury" does not satisfy 924(c)'s force clause is similarly unavailing. In *United States v. Howard*, the Ninth Circuit held that a Hobbs Act robbery is categorically a crime of violence under the force clause.[56] Like Strain, the defendant in *Howard* argued that Hobbs Act robberies are not categorically crimes of violence because they can be committed by only placing someone in "fear of injury," which does not necessarily involve "the use, attempted use, or threaten use of physical force."[57] The Ninth Circuit rejected this argument.[58]

---

[55] Strain relies on a Ninth Circuit case which found that a Massachusetts armed robbery statute did not qualify as a crime of violence because the offense did not require the use of force capable of causing injury. However, this case turned on particularities of Massachusetts state law and "Massachusetts has abandoned the traditional common-law definition of robbery." *United States v. Parnell*, 818 F.3d 974, 982 (9th Cir. 2016) (J. Watford Concurring). Therefore, Strain's example is inapposite here. Strain also relies on the now vacated Second Circuit decision *United States v. Jones*. 830 F.3d 142 (2nd Cir. 2016). Even if this vacated out-of-circuit opinion is to be considered by the Court, its holding that "forcible stealing" during a robbery does not satisfy the U.S.S.G.'s definition of "crime of violence," seems to conflict with the Supreme Court's more recent holding in *Stokeling* discussed above.

[56] 650 Fed. Appx. 466, 468 (9th Cir. 2016). Although *Howard* is not binding precedent, numerous courts throughout this Circuit have found its reasoning persuasive and concluded that Hobbs Act robbery is a crime of violence, even when accomplished by fear of injury. *See, e.g.*, *United States v. Johnson*, No. CR18-49 RAJ, 2019 WL 2358687, at *1 (W.D. Wash. June 4, 2019); *United States v. Chavez*, No. 15-CR-00285-LHK, 2018 WL 339140 (N.D. Cal. 2018); *United States v. Hayes*, No. 3:13-CR-00007-RCJ-WGC, 2017 WL 58578, at *2 (D. Nev. Jan. 5, 2017); *Gaines v. United States*, 248 F. Supp. 3d 959, 965-69 (C.D. Cal. 2017). Other circuit courts across the country have taken the same approach. *See, e.g.*, *United States v. Robinson*, 844 F.3d 137, 144 (3d Cir. 2016), cert. denied, 138 S. Ct. 215 (2017); *United States v. Hill*, 832 F.3d 135, 144 (2d Cir. 2016).

[57] 650 Fed. App'x. 466, 468 (9th Cir. 2016), as amended (June 24, 2016).

[58] *Id.*

In its analysis, the *Howard* Court relied on *United States v. Selfa*,[59] which concluded that the language "force and violence, or by intimidation" sufficiently signified a crime of violence under U.S.S.G. § 4B1.2.[60] The *Howard* Court noted that U.S.S.G. § 4B1.2 used a nearly identical definition of "crime of violence" as § 924(c), and held that, "[b]ecause bank robbery by 'intimidation'—which is defined as instilling fear of injury—qualifies as a crime of violence, Hobbs Act robbery by means of 'fear of injury' also qualifies as crime of violence."[61]

Keeping with this analysis, the Court finds that Hobbs Act robbery constitutes a "crime of violence" under the force clause because the offense has, "as an element the use, attempted use, or threatened use of physical force against the person or property of another."[62] In so finding, the Court joins with other circuits and with other district courts with the Ninth Circuit that agree with *Howard's* conclusion. Accordingly, notwithstanding *Davis*, Strain's conviction for Hobbs Act robbery was properly classified as a "crime of violence."

---

[59] 918 F.2d 749 (9th Cir. 1990).

[60] *Id*. The *Selfa* Court reasoned that a crime committed by "intimidation"—taking an action that willfully puts a "reasonable person in fear of bodily harm"—meets the requirement of a "threatened use of physical force." *Id.* at 751. Strain argues that *Johnson v. United States* has overruled *Selfa*. However, the Court is not persuaded that this is the case. *Johnson* determined that battery as defined under Florida law was not categorically a "violent felony" under the ACCA. *Selfa*, however, concerned the crime of bank robbery, which has different elements. 559 U.S. 133, 133. Further "since Johnson II was decided in June 2015, over a dozen district courts have considered [the] question ... [and] have unanimously held that Hobbs Act robbery is a crime of violence under the [Section 924(c)(3) ] force clause, even in light of the 'fear of injury' prong." *United States v. Crawford*, No. 3:15-cr-070 JD, 2016 WL 320116, at *3 (N.D. Ind. Jan. 27, 2016).

[61] *Howard*, 650 F. App'x at 468.

[62] 18 U.S.C. § 924(c)(3)(A).

### b. Armed Bank Robbery is a "Crime of Violence"

Strain also argues that her conviction for bank robbery, under 18 U.S.C. § 2113(a), similarly is not categorically a crime of violence under § 924(c).[63] Specifically, Strain contends bank robbery is a general intent crime, and one could accomplish the crime by reckless or negligent intimidation—while a crime of violence under the force clause of § 924(c)(3) requires an intentional threat of physical force.[64]

The federal bank robbery statute provides, in relevant part:

"Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association [shall be punished according to law]"[65]

The Ninth Circuit has twice held that bank robbery is categorically a crime of violence under § 924(c)'s force clause.[66] The Ninth Circuit has previously rejected the argument Strain advances here—i.e. that "bank robbery by intimidation does not meet the *mens rea* requirement for a crime of violence."[67] In so holding, the Circuit reasoned that "[bank robbery] must at least involve the knowing use of intimidation, which necessarily entails the knowing use, attempted use,

---

[63] Dkt. 264 at 22—25.

[64] *Id.* at 23.

[65] 18 U.S.C. § 2113(a)

[66] *United States v. Watson*, 881 F.3d 782, 785 (9th Cir.), *cert. denied*, 139 S. Ct. 203, 202 L. Ed. 2d 139 (2018); *United States v. Wright*, 215 F.3d 1020, 1028 (9th Cir. 2000).

[67] *Watson*, 881 F.3d at 785.

or threatened use of violent physical force."[68] Therefore, Strain's conviction for armed bank robbery qualifies as a "crime of violence" under 924(c)'s force clause.

Accordingly, Strain's convictions under § 924(c) were proper, as both of her underlying convictions were "crimes of violence" under the force clause, and she is not entitled to habeas relief.

V. CONCLUSION

For the forgoing reasons, Strain's Motion for Reconsideration is **GRANTED**, and on reconsideration, Strain's Motion to Vacate is **DENIED**.

IT IS SO ORDERED.

Dated at Anchorage, Alaska, this 27th day of September, 2019.

/s/ *Timothy M. Burgess*
TIMOTHY M. BURGESS
UNITED STATES DISTRICT JUDGE

---

[68] *Id.*