IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

*United States v. Barbara Strain*
Case No. 3:97-cr-00004

By:                THE HONORABLE TIMOTHY M. BURGESS

PROCEEDINGS:      ORDER FROM CHAMBERS

The matter is before the Court on the Defendant Barbara Strain's successive Motion for Reconsideration (the "Motion").[1] Under Fed. R. Civ. P. 60(b)(6), Strain requests the Court reconsider its September 27, 2019, Order Granting Reconsideration and, Upon Reconsideration Denying Motion to Vacate ("Order on Reconsideration").[2] Strain argues that the Court should reconsider its Order on Reconsideration in light of the recent district court decision in *United States v. Chea*, which addressed the same legal issue as the Court's Order but arrived at the opposite conclusion.[3]

A motion to reconsider a final appealable order is appropriately brought under either Rule 59(e) or Rule 60(b). Under Rule 60(b)(6), courts may relieve a party from a final judgment, order, or proceeding for any reason that justifies relief. The Ninth Circuit counsels that reconsideration is "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources."[4] The Court may reconsider an order only "where: '(1) the decision is clearly erroneous and its enforcement would work a manifest injustice, (2) intervening controlling authority makes reconsideration appropriate, or (3) substantially different evidence was adduced at a subsequent trial.'"[5]

---

[1] Dkt. 279 (Motion).

[2] *Id.* at 1–2.

[3] No. 4:98-cr-40003-CW (N.D. Cal. Oct. 2, 2019). Namely, whether Hobbs Act Robbery constitutes a "crime of violence" under 18 U.S.C. § 924(c)(3).

[4] *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). *See also Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)). *See also Richey v. Borough*, No. 3:14-cv-00170-JWS, 2015 WL 1962880, at *1 (D. Alaska Apr. 30, 2015) ("Because of the interest in finality, however, courts should grant motions for reconsideration sparingly.").

[5] *Mills v. Wood*, No. 4:10-CV-00033-RRB, 2016 WL 10651094 at *1 (D. Alaska Dec. 1, 2016) (quoting *Jeffries v. Wood*, 114 F.3d 1484, 1489 (9th Cir. 1997) (en banc)). *See also Richey*, 2015 WL 1962880, at *1 ("According to [ ] case law, reconsideration should be granted in three circumstances: First, upon the discovery of material facts that were previously unavailable or undiscoverable through reasonable diligence; second, if the court overlooked material facts that were presented to it before it made its decision; and third, if there is a change in the law after the court's decision." (internal citations omitted)); *United States v. CNA Fin. Corp.*, 381 F. Supp. 2d 1088, 1096 (D. Alaska Jul. 12, 2005) (citing *School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)).

At the outset, the Court notes that there is nothing in the Federal Rules of Civil Procedure or Local Rules of Civil Procedure that provides for multiple motions for reconsideration of an order.[6] The recent decision in *Chea* was decided by a district court whose decisions do not bind this Court.[7] Thus, Strain has not identified an intervening change in controlling authority that would make reconsideration appropriate. Nor is the Court persuaded that its own decision was "clearly erroneous." At most, *Chea* indicates that reasonable jurists can disagree on an unsettled issue. The most proper and able vehicle to settle disagreements between district courts is appeal to a higher court rather than successive motions for reconsideration. Therefore, Strain has not raised proper grounds for reconsideration under Rule 60(b)(6).

Accordingly, Strain's successive Motion for Reconsideration at docket 279 is **DENIED**.

Entered at the direction of the Honorable Timothy M. Burgess, United States District Judge.

DATE: October 22, 2019.

---

[6] The absence of a rule on point is unsurprising, as a successive motion for reconsideration that seeks to relitigate issues twice considered by a court wastes valuable judicial resources and belies finality. *See, e.g.*, *Adams v. Hedgpeth*, No. LA CV 11-03852 VBF-FFM, 2016 WL 4035607, at *3 (C.D. Cal. June 8, 2016) (noting that post-judgment motions that continue to re-evaluate judgments can divert the court's time and resources from other matters) (citing *In re Shelbourne N. Water St., L.P., Debtor (Kelleher v. Nat'l Asset Loan Mgmt., Ltd.)*, No. 13 B 44315, 2016 WL 1730089, at *12 (N.D. Ill. Bankr. Apr. 28, 2016) ("[S]erious and studied disregard for the orderly process of justice" had "become all too familiar in federal courts" and "[e]xamples of this are filing multiple motions for reconsideration") (quotation omitted), and *Veasley v. Fed. Nat'l Mortg. Ass'n*, No. 12-CV-13642, 2014 WL 6686765, at *2 (E.D. Mich. Nov. 26, 2014) ("plaintiff seeks a third bite at the apple with another Rule 59(e) motion. But the Local Rules do not provide that a party is allowed to file multiple motions for reconsideration of an order")).

[7] "A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case." *Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011) (quotation omitted).