IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                        Plaintiff,<br><br>      v.<br><br>BARBARA ANN STRAIN,<br><br>                        Defendant. | Case No. 3:97-cr-00004-TMB<br><br>ORDER ON DEFENDANT'S MOTION<br>FOR MODIFICATION OF TERM OF<br>IMPRISONMENT UNDER<br>18 U.S.C. § 3582(c)(1)<br>[DKT. 284] |

## I. INTRODUCTION

The matter comes before the Court on Defendant Barbara Ann Strain's Motion for Modification of Term of Imprisonment Under 18 U.S.C. § 3582(c)(1) (the "Motion").[1] Strain requests that her sentence be reduced to time-served and that she be released from custody.[2] The United States filed the Government's Opposition to Compassionate Release.[3] The Motion is now ripe for resolution.[4] For the reasons discussed below, the Motion is **DENIED** with leave to refile.

## II. BACKGROUND

In 1997, a federal grand jury returned a nine-count indictment against Strain, charging her with offenses arising from robberies at two credit unions and a liquor store in 1996.[5] Following a

---

[1] Dkt. 284 (Motion).

[2] *Id.*

[3] Dkt. 286 (Opposition).

[4] Although Strain filed a Reply at docket 288, no such reply was ordered by the Court. Accordingly, pursuant to L.Crim.R. 47.1(d), the Court will not consider arguments raised in Strain's unsolicited Reply.

[5] Dkt. 286 at 3.

1

jury trial, Strain was convicted on all counts: two counts of armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d); one count of Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a); three counts of felon in possession of a firearm, in violation of 18 U.S.C. § 922(g); and three counts of using a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c).[6] Although, Strain's offense level and criminal history category produced a sentencing guidelines range of 110-137 months, she was subject to three mandatory consecutive sentences totaling 540 months for the three 18 U.S.C. § 924(c) violations.[7] Ultimately, she received a total of 650 months of imprisonment, consisting of the 540 months for the 18 U.S.C. 924(c) violations in addition to 110 months on the six remaining counts.[8]

Strain is now is incarcerated at Dublin FCI and has served approximately 23 years of her sentence with a projected release date of May 18, 2044.[9] She is 68-years-old and claims that she suffers from high blood pressure.[10] If released, she indicates that she will submit to home confinement, residing with her daughter, her daughter's husband, and their teenage daughter in Spanaway, Washington.[11] On July 8, 2019, Strain submitted a request for compassionate release to the Warden of Dublin FCI.[12] In a response dated October 1, 2019, the Warden explained that

---

[6] Dkt. 284 at 7.

[7] *Id.*

[8] *Id.*

[9] Dkt. 284-9 at 1 (Reentry Plan and Progress Report).

[10] *Id.*

[11] Dkt. 284 at 35.

[12] Dkts. 284-8 (BOP Request); 284-2 (Warden Response).

Strain's case did not meet the Bureau of Prisons' ("BOP") criteria for compassionate release.[13] Therefore, the Warden declined to file a motion for compassionate release on Strain's behalf and recommended Strain consult with defense counsel and submit her request to the sentencing court.[14]

On April 9, 2020, Strain filed the present Motion.[15] She raises two grounds for compassionate release.[16] First, she argues that her sentence was unduly harsh and, had she been sentenced today, recent changes in the sentencing law make a sentence of 650 months implausible.[17] Second, she argues that given her age and medical condition, she runs a high risk of serious injury or death if she were to contract COVID-19.[18] Strain also argues that factors including her history as a victim of domestic violence, her "extraordinary rehabilitation" effort while incarcerated, and her repayment of restitution are "extraordinary and compelling reasons" that warrant her release.[19]

In response, the Government argues that Strain did not raise her arguments relating to COVID-19 in her request to the BOP.[20] Therefore, the Government contends she has not exhausted her administrative remedies as to those claims and the Court should not consider them.[21] However,

---

[13] Dkt. 284-8.

[14] Dkt. 284-2.

[15] Dkt. 284.

[16] *Id.* at 21–26.

[17] *Id.* at 21.

[18] *Id.* at 26.

[19] *Id.* at 25.

[20] Dkt. 286 at 5–6.

[21] *Id.*

3

even if the Court considers Strain's COVID-19 concerns, the Government argues that she is in relatively good health and, if released, she would pose a danger to the community.[22] Additionally, the Government argues the harshness of Strain's sentence is not a ground for compassionate release.[23]

### III. LEGAL STANDARD

*A. Exhaustion of the Bureau of Prisons' Administrative Process*

The First Step Act amended 18 U.S.C. § 3582(c)(1)(A) to allow a defendant to move the district court for compassionate release.[24] A district court may only reduce a term of imprisonment on a motion from a defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."[25] Judicially-created exceptions to statutorily-mandated exhaustion requirements are strongly disfavored.[26]

For example, when interpreting the administrative exhaustion requirement under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), the Supreme Court held that "a court may not excuse a failure to exhaust" even under special circumstances.[27] The *Ross* Court reasoned that unlike

---

[22] *Id.* at 9–10.

[23] *Id.* at 6–8.

[24] *See* Pub. L. 115-391, 132 Stat. 5194, 5239 (2018).

[25] 18 U.S.C. § 3582(c)(1)(A).

[26] *Ross v. Blake*, 136 S. Ct. 1850, 1856–57 (2016).

[27] *Id.* at 1856.

4

judicially-created exhaustion requirements, "mandatory exhaustion statutes like the PLRA established mandatory exhaustion regimes, foreclosing judicial discretion."[28]

Nevertheless, in light of the ongoing COVID-19 pandemic, some courts have waived the exhaustion requirement for motions for compassionate release in certain instances.[29] These courts largely rely on findings that requiring exhaustion would be futile because the defendant had less than 30 days left on their sentence, the defendant's medical condition was so precarious that a small delay could have catastrophic health consequences, or both. Furthermore, these cases rely on out-of-circuit authority which holds "[e]ven where exhaustion is seemingly mandated by statute . . . , the requirement is not absolute."[30] However, the Court is not persuaded by the reasoning of these decisions, which seem to be contradicted by the Supreme Court's holding in *Ross*. Therefore, pursuant to *Ross*, the Court holds that district courts are without authority to

---

[28] *Id.* at 1857.

[29] *See e.g.*, *United States v. Perez*, No. 17 Cr. 513-3 (AT), 2020 WL 1546422, at *2 (S.D.N.Y. April 1, 2020) (excusing exhaustion requirement where defendant had "undisputed fragile health" and only three weeks left on his sentence); *United States v. McCarthy*, No. 3:17-CR-0230 (JCH), 2020 WL 1698732, at *4 (D. Conn. Apr. 8, 2020) (excusing exhaustion requirement where defendant was 65 years old, suffered from a host of well-documented heart and respiratory ailments, and had only 26 days left on his sentence); *United States v. Zukerman*, No. 16 CR. 194 (AT), 2020 WL 1659880, at *4 (S.D.N.Y. Apr. 3, 2020) (excusing exhaustion requirement where defendant was 75 years old and provided medical records proving he suffered from diabetes, hypertension, and obesity); *United States v. Colvin*, No. 19 Cr. 179, 2020 WL 1613943, at *2 (D. Conn. Apr. 2, 2020) (excusing exhaustion requirement because defendant only had 11 days left on her sentence and provided medical records that she suffered from type II diabetes and high blood pressure).

[30] *Washington v. Barr*, 925 F.3d 109, 118 (2d Cir. 2019) (citing *McCarthy v. Madigan*, 503 U.S. 140, 146–47 (1992)). It is worth noting that, unlike 18 U.S.C. § 3582(c)(1)(A), the statute at issue in *Washington v. Barr* did not expressly mandate exhaustion of administrative remedies. *See* 21 U.S.C. § 801 *et seq.* Instead, the exhaustion requirement had been judicially-created out of deference to Congress' delegation of authority to administrative agencies and to promote judicial economy. *Washington*, 925 F.3d at 117. Thus, as a judicially-created exhaustion requirement, it could be subject to judicially created exceptions—*e.g.* futility or undue prejudice.

5

consider the merits of claims for compassionate release until a defendant has exhausted all available administrative rights to appeal.[31]

  B. *Extraordinary and Compelling Circumstances*

Where a defendant has exhausted their administrative rights, after considering the applicable factors set forth in § 3553(a), the court may grant the motion if it finds:

> (i) extraordinary and compelling reasons warrant such a reduction; . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.[32]

Congress never defined what circumstances constitute "extraordinary and compelling reasons." Instead, Congress delegated authority to the United States Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples."[33]

The policy statement of the Sentencing Commission related to compassionate release is found at U.S.S.G. §1B1.13. The policy statement provides:

> [T]he court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent . . . applicable, the court determines that–
>
>   (1)(A) extraordinary and compelling reasons warrant the reduction; . . .

---

[31] Because the administrative exhaustion process described in 18 U.S.C. § 3582(c)(1)(A) may take up to 30 days, there may be merit to the argument that a defendant who has less than 30 days left on their sentence has no available administrative rights. In such a case, the Court may deem the defendant's administrative rights exhausted within the meaning of the statute. However, that is not the case here.

[32] 18 U.S.C. § 3582(c)(1).

[33] 28 U.S.C. § 994.

(2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and

(3) the reduction is consistent with this policy statement.[34]

The Sentencing Commission goes on to describe what may constitute "extraordinary and compelling reasons" that warrant a sentence reduction. Specifically, it states that "extraordinary and compelling reasons" may exist based on (A) the defendant's medical condition—*e.g.* terminal illness or diminished ability to care for themselves; (B) the defendant's age; (C) the defendant's family circumstances; or (D) "[o]ther [r]easons . . . [a]s determined by the Director of the Bureau of Prisons."[35] Pursuant to 28 U.S.C. § 994(t), the Sentencing Commission reiterates that rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement.[36]

United States Sentencing Guidelines ("U.S.S.G.") §1B1.13 was promulgated prior to the passage of the First Step Act. As a result, there is disagreement among district courts regarding whether the policy statement remains applicable following the First Step Act amendments.[37] The Sentencing Commission has not yet "harmonized its policy statements with the [First Step Act]" as evinced by U.S.S.G. §1B1.13's assumption that compassionate release "may be granted only

---

[34] U.S.S.G. §1B1.13.

[35] *Id.* n.1.

[36] *Id.* n.3.

[37] *Compare United States v. Rodriguez*, 424 F. Supp. 3d 674, 682 (N.D. Cal. 2019) (holding that district courts may grant motions for compassionate release for reasons other than those articulated in U.S.S.G. § 1B1.13) *with United States v. Willingham*, No. CR 113-010, 2019 WL 6733028, at *2 (S.D. Ga. Dec. 10, 2019) ("Indeed, § 3582(c) (1) (A) as amended by the First Step Act *still* requires courts to abide by policy statements issued by the Sentencing Commission . . . . Accordingly, this Court will follow the policy statement in U.S.S.G. § 1B1." (emphasis in original)).

7

upon motion by the Director of the Bureau of Prisons."[38] Given this anachronism, some courts have held U.S.S.G. §1B1.13 no longer applies to motions for compassionate brought to district courts by defendants.[39] Other courts have held U.S.S.G. §1B1.13 still governs all motions for compassionate release and courts are not free to go beyond the text of the policy statements in order to grant relief.[40]

The Court is not persuaded that the First Step Act rendered U.S.S.G. §1B1.13 inapplicable. Congress delegated the authority to the Sentencing Commission to define "extraordinary and compelling reasons."[41] Further, Congress went on to require that district courts' decisions on whether a defendant is eligible for compassionate release be "consistent with applicable policy statements issued by the Sentencing Commission."[42] Nothing in the First Step Act nullifies, amends, or expressly contradicts the definition of "extraordinary and compelling reasons" provided by U.S.S.G. §1B1.13. Thus, the Court finds that it is the clear command of 18 U.S.C. § 3582(c)(1)(A) that district courts may only grant compassionate release where consistent with U.S.S.G. §1B1.13 as written.

---

[38] *Rodriguez*, 424 F. Supp. 3d at 681 (quoting *United States v. Brown*, No. 4:05-CR-00227-1, 2019 WL 4942051, at *2 (S.D. Iowa Oct. 8, 2019)).

[39] *See e.g.*, *Rodriguez*, 424 F. Supp. 3d at 682; *Brown*, 2019 WL 4942051 at *2; *United States v. Cantu*, No. 1:05-CR-458-1, 2019 WL 2498923, at *5 (S.D. Tex. June 17, 2019); *United States v. Fox*, No. 2:14-CR-03-DBH, 2019 WL 3046086, at *3 (D. Me. July 11, 2019).

[40] *See e.g. Willingham*, 2019 WL 6733028, at *2; *United States v. Lynn*, 2019 WL 3805349, at *4 (S.D. Ala. Aug. 12, 2019) ("If the policy statement needs tweaking in light of Section 603(b) [of the First Step Act], that tweaking must be accomplished by the [Sentencing] Commission, not by the courts."); *United States v. Johns*, 2019 WL 2646663 (D. Ariz. June 28, 2019); *United States v. Gross*, 2019 WL 2437463 (E.D. Wash. June 11, 2019).

[41] 28 U.S.C. § 994.

[42] 18 U.S.C. § 3582(c)(1)(A).

## IV. ANALYSIS

Strain's Motion seeks release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). Strain has failed to exhaust her administrative remedies as to her health-related grounds for release presented in her Motion. Therefore, the Court may not consider these grounds, however meritorious they may be. Furthermore, although Strain did exhaust her administrative remedies as to the harshness of her sentence and her exemplary efforts at rehabilitation, these are not "extraordinary and compelling reasons" that warrant release as defined by the Sentencing Commission.

### A. *Exhaustion of the Bureau of Prisons' Administrative Process*

As previously discussed, 18 U.S.C. 3582(c)(1)(A) confers authority over compassionate release motions to the district court after the defendant exhausts the BOP's administrative process. On July 8, 2019, Defendant submitted a written request for compassionate release to her Warden ("BOP Request").[43] Strain's BOP Request argued that the sentence she received in 1997 was disproportionately high due to "stacking" mandatory minimums under 18 U.S.C. § 924(c).[44] Strain also provided evidence of the rehabilitative activities she has completed while incarcerated.[45] On October 1, 2019, the Warden rejected her request stating "[Strain's] request for compassionate release is based solely on [her] belief that you were sentenced excessively . . ." and that the reasons presented did not meet the BOP's definition for "extraordinary or compelling circumstances."[46] Thus, Strain fully exhausted her administrative rights as to her request based on the harshness of her sentence.

---

[43] Dkt. 284-8.

[44] *Id.* at 1.

[45] *Id.* at 1–2.

[46] Dkt. 284-2.

9

However, Strain did not identify any health concerns in her BOP Request. In fact, her BOP Request specifically cites the BOP's policy related to "Non-Medical Circumstances" as grounds for release.[47] Strain does not allege she has filed any subsequent request with the Warden raising health concerns. Therefore, Strain has not exhausted her administrative rights as to her request based on her medical concerns. Accordingly, the Court may not consider those claims in resolving the present Motion, regardless of potential merit.

### B. Extraordinary and Compelling Reasons

Because Strain has not exhausted her administrative remedies as to her health-related claims, subsections (A) and (B) are inapplicable here. Similarly, subsection (C) does not apply because Strain has not claimed that she has minor children. Therefore, in order to prove release is warranted under "extraordinary or compelling circumstances," she must show that "[a]s determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)."[48] The Director of the BOP has not issued any policy or finding that sentences that resulted from now-impermissible "stacking" of § 924(c) offenses qualify as an "extraordinary and compelling reason."[49] Accordingly, this reason cannot serve a basis for granting Strain's Motion even in light of her substantial and commendable efforts toward rehabilitation.

---

[47] Dkt. 284-8 at 1.

[48] U.S.S.G. §1B1.13 n.1(D).

[49] The Director of the BOP issued Program Statement 5050.50 following the enactment of the First Step Act. Program Statement 5050.50 contains additional and more detailed circumstances which are considered by the Director to constitute "extraordinary and compelling reasons" warranting release.

Therefore, the Court finds that Strain has failed to exhaust her administrative remedies as to her health-related claims and, of the claims for which she has exhausted her administrative remedies, she has failed to present the Court with "extraordinary and compelling reasons" warranting her release as required by 18 U.S.C. § 3582(c)(1)(A) and U.S.S.G. §1B1.13.

## V. CONCLUSION

For the foregoing reasons, Strain's Motion at docket 284 is **DENIED** with leave to refile once she has exhausted her administrative remedies as to her health-related claims. The Court appreciates the serious health-risks caused by COVID-19 and will consider any arguments related to Strain's health and other circumstances after she attempts to bring such claims through the BOP's administrative process.

IT IS SO ORDERED.

Dated at Anchorage, Alaska, this 24th day of April, 2020.

/s/ *Timothy M. Burgess*
TIMOTHY M. BURGESS
UNITED STATES DISTRICT JUDGE