## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

*United States v. Barbara Ann Strain*
Case No. 3:97-cr-00004-TMB

By:                THE HONORABLE TIMOTHY M. BURGESS

PROCEEDINGS:     ORDER FROM CHAMBERS

The matter comes before the Court on the Defendant Barbara Ann Strain's "Second Motion and Memorandum for Modification of Term of Imprisonment Under 18 U.S.C. § 3582(c)(1) (Compassionate Release)" (the "Second Motion").[1] Strain requests the Court issue an indicative ruling that "extraordinary and compelling reasons" warrant a sentence reduction in her case.[2] The Government opposes the Motion.[3] For the reasons discussed below, the Court would **GRANT** the Second Motion if the court of appeals remands for that purpose.

On October 6, 1997, Strain was convicted on two counts of armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d); one count of Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a); three counts of felon in possession of a firearm, in violation of 18 U.S.C. § 922(g); and three counts of using a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c).[4] Although Strain's offense level and criminal history category produced a sentencing guidelines range of 110–137 months, she was subject to three mandatory consecutive sentences totaling 540 months for the three 18 U.S.C. § 924(c) violations.[5] Ultimately, she received a total of 650 months of imprisonment, consisting of the 540 months for the 18 U.S.C. § 924(c) violations in addition to 110 months on the six remaining counts.[6]

On April 9, 2020, Strain filed a "Motion for Modification of Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)" (the "First Motion").[7] In her First Motion, Strain argued that her sentence was unduly harsh and, had she been sentenced today, recent changes in the sentencing law make a sentence of 650 months implausible.[8] She also contended that given her age and medical condition, she runs a high risk of serious injury or death if she were to contract COVID-19.[9] The Court rejected her first argument on the merits, finding that the harshness of a sentence does not

---

[1] Dkt. 299 (Second Motion).

[2] *Id.* at 1–3. An indicative ruling is permitted by Federal Rule of Criminal Procedure 37 where the court lacks authority to grant a motion because of a prior pending appeal. *See* Fed. R. Crim. P. 37.

[3] Dkt. 305 (Opposition).

[4] Dkts. 299 at 5–6; 304 (USPO Report); 305 at 3.

[5] Dkt. 299 at 6.

[6] *Id.*

[7] Dkt. 284 (First Motion).

[8] *Id.* at 21–26.

[9] *Id.* at 26.

1

constitute an "extraordinary and compelling reason.."[10] Additionally, the Court found that Strain had failed to exhaust her administrative rights as to her health concerns.[11] Strain was given leave to refile and advised that the Court would "consider any arguments related to Strain's health and other circumstances after she attempts to bring such claims through the BOP's administrative process."[12] Strain appealed the Court's Order to the Ninth Circuit.[13]

With her appeal still pending, Strain lodged a second request for compassionate release with the Warden.[14] The request was denied on May 20, 2020.[15] On July 20, 2020 Strain filed her Second Motion with this Court.[16] She remains incarcerated at Dublin FCI and has served approximately 23 years of her sentence with a projected release date of May 16, 2043.[17] She is 68 years old with medical records that indicate that she suffers from high cholesterol, coronary atherosclerosis, cardiac dysrhythmia, constipation, anemia, allergies, high blood pressure, and inflammation.[18] Currently, FCI Dublin has one inmate and one staff member diagnosed with COVID-19.[19]

Generally, "once a notice of appeal has been filed, the lower court loses jurisdiction over the subject matter of the appeal."[20] However, pursuant to Federal Rule of Criminal Procedure 37, "[i]f a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may: . . . state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Here, Strain's Second Motion raises substantially similar issues to those addressed in the Court's Order now on appeal.[21] The Court is therefore divested of jurisdiction to grant her Second Motion. Nevertheless, the Court shall consider the merits of her Second Motion and issue an indicative ruling.

The First Step Act amended 18 U.S.C. § 3582(c)(1)(A) to allow a defendant to move the district court for a sentence reduction after exhausting their administrative remedies.[22] After considering the applicable factors set forth in 18 U.S.C. § 3553(a), a court may grant the motion if it finds "extraordinary and compelling reasons warrant such a reduction; . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."[23] The policy statement of the Sentencing Commission related to compassionate release is found at

---

[10] Dkt. 289 at 10 (Order).
[11] *Id.*
[12] *Id.* at 11.
[13] Dkts. 297 (Notice of Appeal); 298 (Order of USCA).
[14] Dkt. 299-1 (Letter to Warden). Although the request is not dated, Strain represents that this request was filed on April 20, 2020. Dkt. 299 at 9. Strain's request cites numerous grounds for relief including: her age, her underlying medical conditions, and the COVID-19 pandemic.
[15] Dkt. 299-2 (Warden's Denial).
[16] Dkt. 299.
[17] Dkt. 304 at 1.
[18] Dkt. 301-1 at 10–11 (Medical Records).
[19] Dkt. 299 at 2.
[20] *Bennett v. Gemmill (In re Combined Metals Reduction Co.)*, 557 F.2d 179, 200 (9th Cir. 1977).
[21] *Compare* Dkt. 299 *with* Dkt. 289.
[22] *See* Pub. L. 115-391, 132 Stat. 5194, 5239 (2018).
[23] 18 U.S.C. § 3582(c)(1)(A).

U.S.S.G. § 1B1.13. The policy statement provides four categories of "extraordinary and compelling reasons" that may warrant relief: (1) the defendant's medical condition, (2) the defendant's age, (3) the defendant's family circumstances, (4) and "other reasons."[24] Furthermore, U.S.S.G. § 1B1.13 provides that a court may only grant relief if it determines "the defendant is not a danger to the safety of any other person or to the community."

Having carefully considered the parties' briefing and the recommendation of U.S. Probation, the Court finds there are "extraordinary and compelling reasons" to reduce Strain's sentence. Strain is over 65 years old and has already served 23 years of her sentence. Her medical history indicates that she is "experiencing a serious deterioration in physical or mental health because of the aging process."[25] Moreover, her advanced age and multiple serious medical conditions are cause for concern considering the current pandemic.[26] While there may be relatively few reported instances of COVID-19 in her facility, the Court finds that the risk to Strain's health if she were to contract COVID-19 too great to ignore. Therefore, Strain's age and serious medical conditions present "extraordinary and compelling reasons" for release.

Moreover, having considered the factors listed under 18 U.S.C. § 3553(a), the Court finds that they weigh in favor granting relief in this case. Although Strain's offenses were extremely serious, she is now 23 years older. She received a severe punishment which reflects the seriousness of her crimes and will serve to deter future criminal conduct. Her exemplary conduct while incarcerated demonstrates that she is ready, willing, and able to be a law-abiding member of the community. Moreover, it appears Strain has already taken advantage of many of the educational and vocational opportunities available to her while incarcerated. In light of the record, the Court is persuaded that Strain will not pose a danger to the community if released.

Accordingly, the Court would **GRANT** the Second Motion if the court of appeals remands for that purpose.

Entered at the direction of the Honorable Timothy M. Burgess, United States District Judge.

DATE: July 29, 2020

---

[24] U.S.S.G. § 1B1.13.
[25] *See* Dkt. 301-1.
[26] The CDC reports that people in their 60s or 70s are generally at higher risk of severe illness from COVID-19. Centers for Disease Control and Prevention, Coronavirus Disease (2019), Older Adults, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html (last visited July 25, 2020). Likewise, people of any age with coronary artery disease and/or hypertension are at higher risk. Centers for Disease Control and Prevention, Coronavirus Disease (2019), People of Any Age with Underlying Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited July 25, 2020).